**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flmb.uscourts.gov

IN RE:  
DANIEL STEPHEN MCCLOSKEY,  
DE'ANNA ROSE MCCLOSKEY    ,  
          Debtors              /

CASE NO.: 6:15-bk-05192-ABB  
CHAPTER 13

## AMENDED CHAPTER 13 PLAN

The Debtors submits the following Amended Chapter 13 Plan:

1. The future earnings of the Debtors are submitted to the control and supervision of the Trustee, and the Debtors shall pay to the Trustee the sum of **$1,510.24** in months one (1) through four (4); **$1,510.23** in months five (5) through twelve (12); and **$1,341.18** in months thirteen (13) through thirty-six (36) for a total plan period of thirty-six (36) months.
2. From the payments so received, the Trustee shall make disbursements as follows:

    A.    **PRIORITY CLAIMS**
         (1)    The fees and expenses of the Trustee shall be paid over the life of the plan at the rate of ten percent (10%) of the amount of all payments under the plan.
         (2)    The Debtors owe **$3,084.00** in unpaid attorney's fees. The Trustee shall pay the order of Parker & DuFresne, P.A. **$5.00** in the month's one (1) through two (2); **$928.44** in months three (3) through four (4); and **$152.14** in months five (5) through twelve (12) until paid in full.

    B.    **SECURED CLAIMS**
         (1)    **NATIONSTAR MORTGAGE** holds a mortgage on the Debtors' real property located at 412 Division Avenue, Ormond Beach FL 32174 with account ending in x-8652. The Debtors have been approved for a Trial mortgage modification The Trustee shall pay the mortgage company **$923.44** per month in months one (1) through two (2); **$0.00** in months three (3) through four (4); and **$776.29** in months five (5) through thirty-six (36).

THE PLAN PROPOSES A MODIFIED PAYMENT TO THE CREDITOR. SIXTY (60) DAYS FOLLOWING THE FILING OF THE MEDIATORS REPORT THE DEBTOR SHALL EITHER MODIFY TO PAY THIS CLAIM AS FILED, OR MODIFY TO PAY THE MODIFIED MORTGAGE PAYMENT IF DIFFERENT THAN WHAT IS BEING PAID UNDER THE PLAN OR MODIFY TO SURRENDER THE PROEPRTY. IF DEBTOR DOES NOT MOVE TO MODIFY THE PLAN WITHIN 60 DAYS, CREDITOR MAY REQUEST RELIEF FROM THE AUTOMATIC STAY UNDER THE LOCAL RULES' PROCEDURE USING NEGATIVE NOTICE.

         (2)    **WFD** holds a perfected lien on the Debtors' 2012 Subaru Forrester in the amount of **$21,207.43 with account number ending in x-1792**. The Trustee shall pay this secured claim at the current contract rate of **$430.77** in months one (1) through thirty-six (36). This includes the contract terms and interest rate. Any remaining balance due after discharge of the Debtor's Chapter 13 bankruptcy will be paid direct to the creditor per the contract terms, until paid in full. This claim is not subject to discharge.

    C.    **UNSECURED CLAIMS**    Unsecured creditors, including those secured creditors who have deficiency claims or whose liens have been avoided and who timely file proofs of claim shall receive distribution pro-rata. The Trustee shall distribute pro-rata among those unsecured creditors whose

claims are filed and allowed any funds remaining after paying priority and secured claims a total of $0.00.  Any claims filed after the proof of claims deadline shall receive no distribution under this plan unless specifically provided for above.

3. **EXECUTORY CONTRACTS** The Debtors **do not reject** any executory contracts.

4. **VESTING** Title to all property of the estate shall revest in the Debtors upon confirmation of this plan.

5. **RETENTION OF LIEN** Secured creditors shall retain their liens until the allowed secured claim is paid in full.

6. **INSURANCE** Debtors shall keep the collateral which secures any debt paid under this plan insured as provided for in the agreement between the Debtors and creditor.

7. **CONFIRMATION OF THE PLAN** shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages, and/or deeds of trust on the principal residence of the Debtors to do all of the following:
   A. To apply the payments received from the Trustee on the prepetition arrearages, if any, only to such arrearages.  For purposes of this Plan the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.
   B. To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the prepetition default or defaults.
   C. To apply the direct post-petition monthly mortgage payments paid by the Trustee or by the Debtors to the month in which each payment was designated to be made under the plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance, or similar account.
   D. Any post-petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtors' completion of the Plan, unless specifically provided for in the Confirmation Order, or by further order of the Court on motion filed prior to completion of the Plan.

**DATED** August 26, 2015.　　　　　　　　　**PARKER & DUFRESNE, P.A.**
*/s/ Donald M. DuFresne*
Donald M. DuFresne
Florida Bar No.: 802778
8777 San Jose Blvd., Suite 301
Jacksonville, FL 32217
Telephone: (904) 733-7766
bankruptcyservice@jaxlawcenter.com
Attorney for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Debtors Amended Chapter 13 Plan has been furnished to all creditors and parties in interest as per the attached creditor matrix by electronic transmission, facsimile transmission and/or U.S. Mail, Postage prepaid on August 26, 2015.

*/s/ Donald M. DuFresne*
Donald M. DuFresne